AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

| LODGED<br>CLERK, U.S. DISTRICT COURT<br>10/29/2021<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: DM  DEPUTY | | FILED<br>CLERK, U.S. DISTRICT COURT<br>October 29, 2021<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: VM  DEPUTY |

# UNITED STATES DISTRICT COURT
for the
Central District of California

United States of America

v.

Michael Saffar,

Defendant(s)

Case No. 2:21-mj-04988

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of May 13, 2020 in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and (b)(1)(B)(i) | Possession with Intent to Distribute Methamphetamine and Heroin |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Merrilee Goodwin, FBI Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: October 29, 2021

Judge's signature

City and state: Los Angeles, California

Hon. Michael R. Wilner, U.S. Magistrate Judge
Printed name and title

AUSA: El-Amamy x0552

**AFFIDAVIT**

I, Merrilee Goodwin, being duly sworn, declare and state as follows:

## I.  INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been a Special Agent with the FBI since 1998. I am currently assigned to a Domestic Terrorism Squad of the Los Angeles Field Office, where I primarily investigate people who commit violent criminal acts in furtherance of their political or social ideology, and investigate threats associated with the nefarious use of chemical, biological, radiological, nuclear, and explosive materials. In this capacity, I investigate federal crimes pertaining to terrorism and have gained experience in cyber-based matters including those involving dark web markets. As a result, I am familiar with the methods used by criminals in furtherance of their criminal activities in both the virtual and physical worlds, and I have received both formal and informal training from the FBI and other institutions regarding cyber and computer crime investigations and review of digital devices. As a Special Agent, I completed the FBI Academy in Quantico, Virginia, and received training to include the fundamentals of law, ethics, interviewing, report writing, firearms, surveillance, defensive tactics, and case management. I have also received training regarding the methods of operations of individuals who distribute drugs.

II. **PURPOSE OF AFFIDAVIT**

2.  This affidavit is made in support of a criminal complaint against, and arrest warrant for, Michael SAFFAR ("SAFFAR") for violations of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; and Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(i): Possession with Intent to Distribute Heroin (the "Subject Offenses").

3.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only and all dates are approximate.

III. **STATEMENT OF PROBABLE CAUSE**

4.  Based on my review of law enforcement reports, and my conversations with other law enforcement officers, I am aware of the following:

    a.  On April 29, 2020, Los Angeles Police Department ("LAPD") Officer Carlos Moreno received an anonymous complaint that an Asian male named "Ronny" was selling methamphetamine, heroin, and pills at 22148 Covello Street, Canoga Park, California. Using department resources, Officer Moreno was able

to identify "Ronny" as R.L. who, at the time, lived, at 22152 Covello Street, Canoga Park, California. Officer Moreno had previously arrested R.L. for California state drug and weapons offenses.

        b.   On May 13, 2020, LAPD officers conducted surveillance at 22152 Covello Street, Canoga Park, California.

        i.   During the surveillance, at approximately 2:20 p.m., LAPD officers observed a male individual, later identified as SAFFAR, drive up to the residence in a U-Haul truck and park on the north side of the street in front of 22152 Covello Street, Canoga Park, California. SAFFAR walked up to the side gate near the garage and waited approximately two minutes until R.L. exited the side door of the residence and met with SAFFAR. Officers observed R.L. unlock the gate and let SAFFAR walk in through the gate and into the side door of the garage. Law enforcement officers then observed SAFFAR exit the garage three times and walk to the U-Haul truck and then walk back to the garage. Law enforcement officers observed that, on the third trip that SAFFAR made to the U-Haul truck, R.L. walked with SAFFAR, and the two of them loaded a large cardboard box into the back of the U-Haul truck. Law enforcement officers observed SAFFAR enter the U-Haul truck and drive away from the location.

        ii.   LAPD officers conducted a California Department of Motor Vehicles database check of the license plate of SAFFAR's vehicle. The database resulted in no return for the

license plate, and, as a result, LAPD conducted a traffic stop for the vehicle driven by SAFFAR.

        c.    During the traffic stop, the officers learned that SAFFAR was on formal probation for Grand Theft and Possession for Sales of Narcotics, and subject to a suspicionless search condition as a term of his probation.  LAPD officers conducted a search of the U-Haul truck.  LAPD officers discovered what appeared to be heroin, methamphetamine, and other controlled substances.  Officers also found a digital scale, and a large amount of cash. Officers seized the drugs, cash, and the scale and arrested SAFFAR for a violation of California Health & Safety Code Section 11352 (Sale or Transportation of a Controlled Substance).

        d.    The same day, at approximately 3:15 p.m., LAPD officers the conducted a probation search of R.L.'s residence located at 22152 Covello Street, Canoga Park, California and vehicle.  During the search, law enforcement officers located both heroin and methamphetamine in the residence, and methamphetamine in the vehicle.  R.L. was arrested for a violation of California Health & Safety Code 11378 (Possession for Sales of Methamphetamine).

    5.    After the date of this incident, I and other FBI Special Agents and Task Force Officers took custody of the drugs that had been seized from SAFFAR and transferred them to the Drug Enforcement Administration Southwest Laboratory for analysis.  The laboratory determined that the amount of drugs recovered from SAFFAR on May 13, 2020 was 453.19 grams of

methamphetamine, 206.23 grams of a mixture or substance containing a detectable amount of heroin, and 35.1 grams of a mixture or substance containing a detectable amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"). Based on my training and experience, I am aware that these quantities of methamphetamine and heroin are not quantities that can be personally used by any one individual. Based on the drug quantities, the assortment of drugs, the money, and the scale, there is probable cause to believe SAFFAR possessed the methamphetamine and heroin with the intent to distribute the drugs to customers.

## IV. CONCLUSION

6. For the reasons described above, I respectfully submit there is probable cause to issue the requested criminal complaint and arrest warrant.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  29  day of
October, 2021.

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE